**David Freeman Engstrom**
Assistant Professor of Law

Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Tel  650 721-5859
Fax  650 725-0253
dfengstrom@law.stanford.edu
www.law.stanford.edu

Stanford Law School

January 29, 2010

The Honorable Garrett E. Brown, Jr.
Chief Judge
United States District Court
   for the District of New Jersey
Clarkson S. Fisher Federal Building and
United States Courthouse
402 East State Street, Room 4050
Trenton, NJ 08608-1507

Dear Chief Judge Brown:

## BACKGROUND

I am writing to request a fee waiver for retrieval of certain District Court records for a research project I am planning to undertake in my current position as an assistant professor at Stanford Law School. My goal is to gather pleadings relating to litigation brought pursuant to the False Claims Act and to build a dataset on which I can perform various statistical analyses. The resulting analyses will serve as a basis for scholarly papers, presentations, and publications.

## REQUEST FOR EPA FEE WAIVER

As you are probably aware, fee waivers are provided for and governed by the Electronic Public Access Fee Schedule of the Judicial Conference ("EPA Fee Schedule"), which provides, in relevant part:

> Consistent with Judicial Conference policy, courts may, upon a showing of cause, exempt . . . individual researchers associated with educational institutions, courts, section 501(c)(3) not-for-profit organizations . . . from payment of these fees. Courts must find that parties from the classes of persons or entities listed above seeking exemption have demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information. Any user granted an exemption agrees not to sell for profit the data obtained as a result. Any transfer of data

>obtained as a result of a fee exemption is prohibited unless expressly authorized by the court. Exemptions may be granted for a definite period of time and may be revoked at the discretion of the court granting the exemption.

EPA Fee Schedule (Eff. 3/11/08).[1]

**1. Entity / Mission Qualifications.** Stanford University (and its constituent entities—including Stanford Law School) is a 501(c)(3) not-for-profit educational organization. The sole purpose of my project is to contribute to a growing public debate about litigation under the False Claims Act.

**2. Current Public Access Inadequate.** Public understanding of the nature and shape of litigation under the False Claims Act is currently inadequate. Recent years have seen significant public debate about the merits and demerits of qui tam litigation in particular and an equally significant amount of legislative activity in Congress concerning possible amendments to the False Claims Act. However, this debate has gone forward with virtually no systematic knowledge regarding basic questions about such litigation. These questions include: who brings litigation under the False Claims Act, what proportion of qui tam relators are represented by a specialized bar, what are the determinants of Department of Justice intervention into qui tam lawsuits, how often and in what types of cases do qui tam defendants claim that a relator's claim has been publicly disclosed and/or challenge a relator's original source status, and how often and under what conditions are actions under the False Claims Act successful? The goal of my research project is to inform and enhance public debate about these and other questions regarding litigation under the False Claims Act.

**3. Exemption Necessary to Avoid Unreasonable Burden.** A fee exemption is necessary to carry out my planned scholarly project. Roughly 4,000 qui tam lawsuits have been filed since the False Claims Act was substantially amended in 1986. Even with the EPA Fee Schedule's current per-document fee cap ($2.40 per document), my planned research would incur tens of thousands of dollars in PACER fees. Absent a fee exemption, my planned research design will not be possible.

**4. Usage; No Re-Sale.** It is my intention to use the documents obtained to assemble a dataset that will serve as a basis for scholarly papers,

---

[1] Judicial Conference amendment of session March 11, 2008, promulgated under sections 1913, 1914, 1926, 1930, and 1932 of Title 28, United States Code.

presentations, and publications. I understand that, if a fee waiver is granted, I may not sell for profit the documents obtained and, indeed, may not transfer such documents unless expressly authorized by the relevant court. I hereby agree to those restrictions.

For the above reasons, I ask that the District Court grant me an exemption under the EPA Fee Schedule for any and all available documents relating to lawsuits filed under the False Claims Act since 1986.

If you have any questions, please do not hesitate to contact me. I look forward to hearing from you.

Sincerely,

David Freeman Engstrom
Assistant Professor of Law